**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE TRANG NGUYEN,                           Case No. 2:25-mc-50535
                                              Hon. Brandy R. McMillion
                                              United States District Judge

_____/

**ORDER OF SUMMARY DISMISSAL**

On May 7, 2025, Trang Nguyen ("Nguyen") filed a petition with this Court, seeking to correct the date of birth on her Certificate of Naturalization. *See generally* ECF No. 1. She states that the digits in her date of birth have been transposed on her Permanent Resident Card (Green Card), Driver's License, and Certificate of Naturalization. *Id*. at PageID.1. She asks this Court to direct the United States Citizenship and Immigration Service ("USCIS") to amend her Certificate of Naturalization. *Id*. at PageID.2.

While the Court notes the clerical error that Nguyen alleges, it is without power to issue an order correcting the same. "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Prior to 1990, district courts had the jurisdiction to both issue and correct certificates of naturalization; however, the Immigration Act of 1990, 8 U.S.C. §1421, transferred jurisdiction over naturalization certification

1

from the judicial branch to the executive branch of government.  *See id.* ("The **sole** authority to naturalize persons as citizens of the United States is conferred upon the Attorney General.") (emphasis added).  After passage of the Immigration Act, courts were left only with jurisdiction over pre-1990 court issued naturalization documents.  *See Malineni v. U.S. Citizenship & Immigr. Servs. Detroit Dist.*, No. 2:12-CV-13453, 2013 WL 466204, at *2 (E.D. Mich. Feb. 7, 2013).  Further, in November 2011, 8 C.F.R. § 334.16(b)—a federal regulation that provided for district court jurisdiction over petitions to amend errors in naturalization documents after an individual had been granted citizenship—was repealed.  *Id.*; *see also Constant v. U.S. Citizenship and Immigr. Servs.*, No. 10-MC-50894, 2014 WL 2116289, at *5 (E.D. Mich. May 21, 2014), aff'd sub nom. *Constant v. U.S. Citizenship & Immigr. Serv.*, No. 14-1681, 2015 WL 9946518 (6th Cir. Aug. 21, 2015).  Consequently, the Court now lacks jurisdiction to correct naturalization certificates or to issue any directive to USCIS.  However, Nguyen can seek redress directly from USCIS.[1]

Accordingly, because the Court lacks jurisdiction for the relief Nguyen seeks, this case is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

Dated: May 23, 2025                                                    s/Brandy R. McMillion
                                                                                            HON. BRANDY R. MCMILLION
                                                                                            United States District Judge

---

[1] *See* https://www.uscis.gov/policy-manual/volume-12-part-k-chapter-4 (citing use of Form N-565).